UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
YAMINA BENSBEUR, AS ADMINISTRATRIX OF THE     **PLAINTIFF'S AFFIRMATION**
ESTATE OF AZZ-EL ISLAM BENSBEUR, DECEDENT,     **IN REPLY**

                              Plaintiff(s),        Docket No.: 08 CIV 2852

-against-

THE RIHGA ROYAL HOTEL A/K/A THE NEW
LONDON HOTEL,

                              Defendant(s).
---------------------------------------------------------------X

        **ROBERT J. RENNA**, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true pursuant to the penalty of perjury:

        1.     I am the attorney for the plaintiffs herein and am fully familiar with the facts and circumstances of this action.

        2.     This affirmation is made in reply to Defendant THE RIGHA ROYAL HOTEL, a/k/a THE NEW LONDON HOTEL's opposition of Plaintiff's motion for summary judgment.

### THE FACTS CONTAINED IN PLAINTIFF'S LOCAL RULE 56.1 STATEMENT SHOULD BE DEEMED ADMITTED

        3.     In response to Plaintiff's Local Rule 56.1 Statement, Defendant submitted Defendant's Rule 56.1 Reply Statement, as required by the Local Rules. Local Civil Rule 56.1(c) provides that material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party. Where the Defendant fails to refute facts with admissible evidence, there is no genuine issue of material fact and summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1987). Defendant solely opposes Plaintiffs statements in portions of paragraph 3 ("Mr. Lenzy testified that the suite had dining trays everywhere, open

bottles of wine, more than one wine glass being used and described the room as being trashed") and portions of paragraph 12 ("Two complaints of noise and odor of drugs were made against room 2110 on July 12, 2006."). Defendant fails to oppose, and offers no rebuttal facts, to Plaintiff's statements contained in paragraphs 1-2, 4-11, and 13-25. Plaintiff therefore submits that the above referenced paragraphs (as set forth in Plaintiff's 56.1 Statement) should be deemed admitted.

4. Additionally, both paragraphs in Defendant's Rule 56.1 Reply Statement contain self-serving statements. Plaintiff cannot defeat defendants' motion by simply relying on conclusory allegations or "unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Pursuant to Local Rule 56.1(d), each statement set forth by Defendant in its opposition "must be followed by citation to evidence which would be admissible." Without any actual admissible evidence, Defendant's allegations alone are improper to oppose summary judgment. A party's failure to comply with the requirements of Local Rule 56.1(d), such as failing to present admissible evidence to support claims, is not merely a technicality, but a fatal omission that leads to and often requires dismissal of claims. Giannullo v. City of New York, 332 F.3d 139, 140 (2d Cir. 2003).

5. Defendant has attempted to cloud the material facts as stated in Plaintiff's Rule 56.1 St. by including non-contradictory facts and self-serving statements. Accordingly, Defendant has not complied with Local Rule 56.1 and plaintiffs' entire statement of undisputed facts should be deemed admitted.

6. Defendant opposes the portion paragraph 3 which states "Mr. Lenzy testified that the suite had dining trays everywhere, open bottles of wine, more than one wine glass being used and described the room as being trashed". Mr. Lenzy's testimony is not the sole account of the

chaotic state of Mr. Bensbeur's hotel room on the night of his death. The state of Plaintiff's hotel room was further corroborated by housekeeping attendant Kazi Hossain. Mr. Hossain notified hotel management of the room being in disarray, testifying to personally observing vomit throughout the room as well as broken lights (Defendant's Exhibit H, pg. 172). Further, Director of Security Domenic Pezzo testified that the police department advised him that drugs, alcohol and money was found throughout the room, which had been in disarray. (Defendant's Exhibit I, pg 62).

7.   Defendant additionally opposes that portion of paragraph 12 which states "Two complaints of noise and odor of drugs were made against room 2110 on July 12, 2006." This fact was admitted to by Defendant in its letter to the Honorable Justice Roslynn R. Mauskopf dated August 12, 2010. In said letter Defendant clearly and unequivocally stated that the odor of drugs had indeed been reported on the night in question multiple times. In fact, Defendant provided the precise times when these complaints were lodged, specifically at 1:23 am and again at July 12, 2006 at 2:04am. (See, Exhibit G of Plaintiff's Cross-Motion). To now contend that these complaints were not lodged is contradictory to Defendant's own statements and representation to Plaintiff. Further, Defendant provides no admissible evidence to support its objection to Plaintiff's statement contained in paragraph 12 of its Rule 56.1 statement. This is a fatal flaw in Defendant's Rule 56.1 Reply Statement and thus all of paragraph 12 of Plaintiff's Rule 56.1 statement should be deemed admitted.

## PLAINTIFF HAS ESTABLISHED A PRIMA FACIE CASE FOR NEGLIGENT SUPERVISION

8.   It is well settled law in the State of New York that a landowner must exercise reasonable care to protect patrons on its property. *See* Nallan v. Helmsley-Spear, Inc., 50 N.Y.2d 507 (N.Y. 1980). This includes a duty to control the conduct of third persons on their premises

that when they have the opportunity to control such persons and are reasonably aware of the need for such control. Banayan v. F.W. Woolworth Co., 211 A.D.2d 591 (1st Dep't 1995). Further, a hotel as a public can be held liable for criminal conduct on the part of an intoxicated guest. *See* Fanelli v. di Lorenzo, 187 A.D.2d 1004, N.Y.S.2d 658 (4th Dept. 1992). A hotel is also under a duty of care to its guests to control the conduct of persons present on its premises when it has the opportunity to control or is reasonably aware of the necessity for such control. Lindskog v. Southland Restaurant, Inc., 160 A.D.2d 842 (2d Dep't 1990).

9. Defendant asserts that it has no liability to Plaintiff under the theory of negligent supervision because Defendant did not have the opportunity to supervise Mr. Bensbeur prior to his demise and was not aware of any illegal acts being committed in the plaintiff-decedent's hotel room. It is respectfully submitted that Defendant was on notice of illicit drug use and underage drinking occurring in the Plaintiff decedent's hotel room prior to his death and nonetheless turned a blind eye to these criminal acts. In making this assertion, Defendant utilizes a misplaced reliance on Place v. Cooper, 827 NYS2d 396 (4th Dept. 2006). In Place, the Court states that "liability may be imposed only for injuries that occurred on defendant[s'] property, or in an area under defendant[s'] control, where defendant[s] had the opportunity to supervise the intoxicated guest." The facts of Place are vastly different from the instant action and are easily distinguishable.

10. In Place, social hosts throwing a party allegedly allowed underage individuals to drink alcohol. A negligence claim arising from a subsequent automobile accident was dismissed against the defendant social hosts because the injury to the plaintiff occurred on the highway rather than on their premises. The cause of action in Place did not rest on negligent supervision of a public establishment, as the instant action does. Further, the alcohol consumption in Place

occurred in a private residence, rather than a public establishment such as Defendant THE RIGHA ROYAL HOTEL, a/k/a THE NEW LONDON HOTEL. The evidentiary record is clear on the fact that Defendant was aware that drug use was occurring in Mr. Bensbeur's room. Reliance on Place fails to address that there may be an issue of fact as to whether Defendant had the opportunity to control the conduct of Anthony D'Angelis while on their premises or was reasonably aware of the need for such control. *See* Streubel v. Fladd, 75 A.D.3d 1164, 905 N.Y.S.2d 732 (4th Dept. 2010)

11.  Hotel porter Phil Lenzy personally observed the Mr. Bensbeur upon delivering prescription medication to his room one day prior to his death. He testified as a non-party witness that the decedent looked between 16-17 years of age. *See* Defendant's Exhibit G at 13. Non-party witness Kazi Hossain testified that he had entered the Plaintiff decedent's room prior to his death and witnessed Mr. Bensbeur unconscious in a room covered in vomit. *See* Defendants's Exhibit H at pg. 53, 99.

12.  Further, Defendant advised this Court in a letter dated August 12, 2010 that no less than two complaints were lodged by hotel patrons regarding drug activity in the Plaintiff-decedent's room. See Plaintiff's Exhibit G. This blatantly contradicts Defendants statement in its opposition papers that "There is also no evidence that there were any illegal drugs in the room." Clearly, it is disingenuous of Defendant to advise the Court that two complaints had been made to hotel staff regarding the odor of drugs coming from Plaintiff's room while simultaneously setting forth that there is no evidence of drug use occurring in Plaintiff's room prior to his death. This letter is admissible evidence in that it is a written admission. Defendant's letter clearly states that the information was garnered from "hotel room records" showing the activity in Mr. Bensbeur's room on July 11, 2006 and July 12, 2006.

13. Defendant goes on to state that Plaintiff has "failed to establish that anything of an illegal nature transpired between the hotel personnel and guests." There is undeniably a question of fact as to whether or not the underage Plaintiff-decedent was served alcohol. This argument also misdirects the Court's attention from the issue at hand. After numerous trips to deliver alcohol and prescription drugs to the decedent's room, hotel employees were directed to clean a destroyed room soiled with vomit. The employee, non-party witness Kazi Hossain, observed Mr. Bensbeur unconscious and was told that Mr. D'Angelis was drunk. Later that evening, at least two complaints were lodged by other guests regarding noise and drug use in Mr. Bensbeur's room. The issue at hand is whether or not Plaintiff has set forth a meritorious cause of action for negligent supervision, which is wholly separate from whether the hotel engaged in illegal activity with a guest.

14. Defendant asserts that Streubel v. Fladd, 75 A.D.3d 1164, 905 N.Y.S.2d 732 (4th Dept. 2010) is not applicable to the case at bar. Struebel is pertinent in that the Appellate Court held that issues of fact whether Fladd had the opportunity "to control the conduct of third persons on [the] premises and [was] reasonably aware of the need for such control'" (quoting D'Amico v Christie, 71 NY2d 76, 85, 518 N.E.2d 896, 524 N.Y.S.2d 1), and thus may be held liable for negligent supervision, just as Defendant should be in the instant action. Similarly, Rivera v. 21st Century Restaurant, Inc., 199 A.D.2d 14, 604 N.Y.S.2d 106 (1st Dept. 1993) further establishes that Defendant in the instant action had a duty of care to Mr. Bensbeur as a guest and to control the illegal and dangerous conduct of Mr. D'Angelis when it became aware that drugs were being used in the room and Mr. Bensbeur was drunk, vomiting, and unconscious.

15. Defendant's opposition fails to address the Court's finding in Fanelli v. di Lorenzo, 187 A.D.2d 1004, 591 N.Y.S.2d 658 (4th Dept. 1992) the defendants would be liable to

the plaintiff "if Holiday Inns breached a duty of care owed to plaintiff" separate from any Dram Shop cause of action. This claim is wholly separate from any Dram Shop cause of action and thus Fanelli is applicable to the instant action.

16. There is ample evidence on the record that Defendant was on actual or constructive notice of the illegal activity occurring in Plaintiff's hotel room. Not only had hotel employees observed that Plaintiff was clearly underage (*see* Defendant's Exhibit G at 13), but they had delivered prescription medication and alcohol to his room prior to observing him unconscious in a destroyed room filled with vomit and told that he was intoxicated. At that point, given the complaints from fellow hotel patrons that the odor of marijuana was emanating from the room, Defendant was made fully aware of the criminal activity occurring in Mr. Bensbeur's room and should have taken the appropriate steps to protect him. This failure to intervene was also an issue in Elkady v. Very, Ltd., 8 A.D.3d 197, 778 N.Y.S.2d 688 91st Dept. 2004), as was highlighted by the Court. Contrary to Defendant's assertion, there is sufficient evidence on the record that Defendant, through its agents, failure to intervene on Mr. Bensbeur's behalf after becoming aware of the criminal and ultimately deadly conduct occurring within Mr. Bensbeur's room.

## THE DECEDENT'S INJURIES WERE FORESEEABLE

17. Mr. Bensbeur, a minor who appeared to be only "16 or 17" years old (See Defendant's Exhibit G at 13) was in a room in Defendant's establishment that had been receiving a steady supply of alcohol and prescription drugs. Defendant's employees brought alcohol to his room and cleaned up his vomit after finding him drunk and unconscious. During the course of his stay multiple complaints had been made to hotel staff regarding drug use and loud noise. Hotel employees were informed that the adult accompanying Mr. Bensbeur, Mr. D'Angelis, was

drunk and violent. These events unfortunately lead to Mr. Bensbeur's tragic, yet foreseeable, death.

18. Defendants were aware of all the above events and yet still stood idly by while Mr. Bensbeur was in a dangerous situation involving criminal activity. It is clear that the events that transpired in Defendant's establishment, with Defendant on notice of the situation, could reasonably lead to his death.

19. As established in Plaintiff's moving papers, "a plaintiff must show that the defendant reasonably could have foreseen the danger which the defendant allegedly failed to guard" Mays v. City of Middletown, 70 A.D.3d 900, 895 N.Y.S.2d 179 (2nd Dept. 2010). It is respectfully submitted that Defendants, given the totality of the circumstances leading up to Mr. Bensbeur's death, should have reasonably foreseen that young Mr. Bensbeur was in danger due to the drug and alcohol use they were aware was occurring in his room. As such, Plaintiffs motion for summary judgment should be granted in its entirely and Defendant's motion be denied.

Dated: April 15, 2011
      Brooklyn, New York

Yours, etc.

Robert J. Renna (3062)
ROBERT J. RENNA, P.C.
Attorneys for Plaintiff
YAMINA BENSBEUR
26 Court Street, Suite 303
Brooklyn, New York 11242